IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARDIS DUNN,<br>*Plaintiff*,<br><br>v.<br><br>CENERGY INTERNATIONAL<br>SERVICES, LLC and SHELL OIL<br>COMPANY.<br>*Defendants*. | §<br>§<br>§<br>§  CASE No. 4:17-cv-03738<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The parties in this action have agreed to a fair and reasonable settlement of the claims asserted. Plaintiff Mardis Dunn ("Plaintiff") and Defendants Cenergy International Services, LLC ("Cenergy") and Shell Oil Company ("Shell") (collectively Cenergy and Shell are the "Defendants") hereby submit this joint motion requesting that the Court enter an order approving the settlement reached and dismiss Plaintiff's claims with prejudice in accordance with the terms of the settlement agreement.

### I.   INTRODUCTION

1. Plaintiff and Defendants have entered into an agreement to settle all of the claims in this matter for alleged unpaid overtime, court costs, and attorneys' fees.

2. This suit was filed by Plaintiff alleging that Defendants did not pay overtime compensation to Plaintiff in accordance with the Fair Labor Standards Act ("FLSA"). Defendants deny that they violated any provisions of the FLSA, and Shell denies that it employed Plaintiff.

3. Cenergy employed Plaintiff as a Logistics Coordinator/Logistics Spec-Drill Materials until August 2015. Cenergy provides a variety of services to oil and gas producers, such as Shell, to whom Plaintiff was assigned.

4. Cenergy denies that it had to pay Plaintiff for hours worked over 40 hours in a workweek, because Plaintiff was exempt from the FLSA under the executive, administrative, and/or highly compensated employee exemptions, based on his job duties and responsibilities. *See* 29 U.S.C. § 213; 29 C.F.R. 541.100, 541.200, 541.601. Shell denies that it was Plaintiff's employer or that it had any obligations to pay Plaintiff. Plaintiff claims that he was not exempt under the executive, administrative, or highly compensated employee exemptions or any other exemption to the FLSA, because he was not paid on a salary basis.

## II. ARGUMENT AND AUTHORITIES

5. The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012). In reaching its decision in *Martin*, the Fifth Circuit approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D. Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due" and "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability." *Id.* at 255 (quoting *Martinez*, 361 F.Supp.2d at 631-33). A release in compliance with such a compromise is enforceable. *See Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." *See Martin*, 688 F.3d at n.10.

6. In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendants' liability, if any, the amount of hours worked by Plaintiff, and the compensation due, if any, based on the applicability of the FLSA to the Plaintiff. As a result of the litigation efforts

expended in this case by the Parties, the Plaintiff and Defendants have reached a private settlement of all claims, defenses, and disputes between them in this cause. During negotiations, and at the time of execution, the Plaintiff had the benefit of the undersigned legal counsel, and was aware of his rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq.* By entering into this settlement, Defendants are not admitting any liability or violations of the FLSA, which are specifically denied.

7. Through negotiations, the Parties reached a confidential settlement of their dispute. The terms of the settlement have been approved by Plaintiff, the Plaintiff's counsel, Defendants, and Defendants' counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether the Plaintiff is entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any; (v) the disputed amount of overtime hours allegedly worked; (vi) the disputed amount of overtime wages allegedly owed; (vii) the applicability of certain exemptions; (viii) the likelihood of the Plaintiff's success on his claims; and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes the Plaintiff's estimated unpaid overtime wages (if any) and the Plaintiff's attorneys' fees and costs. The terms of the settlement, including the amount of alleged unpaid wages and attorneys' fees are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

8. The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to protect the confidentiality of the terms.

### III.   CONCLUSION

For the foregoing reasons, the parties respectfully request that the court grant the Parties'

Joint Motion for Approval of Settlement and enter an order dismissing all of Plaintiff's claims with prejudice.

Respectfully submitted,

/s/ *Richard J. Burch* w/perm. ECB
Richard J. (Rex) Burch
Southern District of Texas No. 21615
Texas State Bar No. 24001807
Matthew S. Parmet
Southern District of Texas No. 1076547
Texas State Bar No. 24069719
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(713) 877-8065 (Facsimile)
rburch@brucknerburch.com
mparmet@brucknerburch.com
**ATTORNEYS FOR PLAINTIFF,
MARDIS DUNN**

/s/ *Michael A. Josephson* w/perm. ECB
Michael A. Josephson
Southern District of Texas No. 27157
Texas State Bar No. 24014780
Andrew W. Dunlap
Southern District of Texas No. 1093163
Texas State Bar No. 24078444
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100 (Telephone)
(713) 352-3300 (Facsimile)
mjosephson@mybackwages.com
adunlap@mybackwages.com
**ATTORNEYS FOR PLAINTIFF,
MARDIS DUNN**

/s/ *David M. Gregory*
DAVID M. GREGORY
Southern District of Texas No. 24397
Texas State Bar No. 24007274
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, Texas 77002
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 229-2501 (Facsimile)
dgregory@lockelord.com

**ATTORNEYS FOR DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC**

**OF COUNSEL:**
EVAN C. BLANKENAU
Southern District of Texas No. 2507901
Texas State Bar No. 24092142
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 229-2501 (Facsimile)
evan.blankenau@lockelord.com

And

/s/ *Shauna Johnson Clark* w/ perm. ECB
SHAUNA JOHNSON CLARK
State Bar No. 00790977
Southern District of Texas 18235
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower, 1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone (713) 651-5151
Facsimile (713) 651 5246
shauna.clark@nortonrosefulbright.com
**ATTORNEYS FOR DEFENDANT
SHELL OIL COMPANY**

4

**OF COUNSEL:**
FAZILA ISSA
Texas State Bar No. 24046136
Southern District of Texas No. 566478
fazila.issa@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St., Ste. 5100
Houston, Texas 77010
Telephone (713) 651-3665
(Facsimile) (713) 651-5246

## CERTIFICATE OF SERVICE

I certify that on this 6th day of December 2018, the foregoing document has been served on counsel of record via the Court's ECF system:

Richard J. (Rex) Burch
Matthew S. Parmet
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(713) 877-8065 (Facsimile)
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100 (Telephone)
(713) 352-3300 (Facsimile)
mjosephson@mybackwages.com
adunlap@mybackwages.com

Fazila Issa
Norton Rose Fulbright US LLP
1301 McKinney St., Ste. 5100
Houston, Texas 77010
(713) 651-3665 (Telephone)
(713) 651-5246 (Facsimile)
fazila.issa@nortonrosefulbright.com

*/s/ David M. Gregory*
David M. Gregory

5